J. SCOTT GERIEN, State Bar No. 184728
JOHN N. HEFFNER, State Bar No. 221557
ALESON R. CLARKE, State Bar No. 261643
DICKENSON, PEATMAN & FOGARTY
809 Coombs Street
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff
SUTTER HOME WINERY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sutter Home Winery, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> AH Wines, Inc., Vaz Brothers, Inc., TM Wines LLC, Riondo USA LLC, Bevcon Group Incorporated and Wine Source Selections LLC. <br><br> Defendants. | CASE NO. C 12-00763 EMC <br><br> **STIPULATED [PROPOSED] ORDER FOR PRELIMINARY INJUNCTION** |

Plaintiff, Sutter Home Winery, Inc. ("Sutter Home"), and the defendants AH Wines, Inc. ("AH Wines"), Vaz Brothers, Inc. ("Vaz"), TM Wines LLC ("TM Wines"), Riondo USA LLC ("Riondo"), Bevcon Group Incorporated ("Bevcon") and Wine Source Selection, LLC ("Wine Source") (collectively "Defendants"), stipulate as follows for entry of a preliminary injunction in this case:

The Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause came on for hearing before this Court on February, 23, 2012, and at the hearing the Court granted Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause and set a hearing date of March 2, 2012 for defendants to show cause as to why a preliminary injunction should not issue in this case. To avoid the necessity of a further hearing, the parties have opted to stipulate

STIPULATED [PROPOSED] ORDER FOR        1        Case No. C12-00763 EMC
PRELIMINARY INJUNCTION

1 to the entry of this preliminary injunction.

2 Plaintiff has demonstrated a strong probability of success on the merits by virtue of showing that the HOMAGE A TROIS mark used on wine produced, sold and distributed by Defendants is confusingly similar to Sutter Home's MENAGE A TROIS mark given that the marks are virtually identical in sight and sound and the goods offered under the marks are identical, are sold through the same distribution channels and are advertised in the same marketing channels.

Plaintiff has presented sufficient evidence to show that:

a) Plaintiff is likely to prevail on the merits of its action showing that there is a likelihood of consumer confusion;

b) Defendants' actions have caused and will continue to cause immediate and irreparable harm to Plaintiff, for which monetary compensation will not afford adequate relief;

c) The balance of hardships favors the Plaintiff; and

d) The issuance of a preliminary injunction is in the public interest.

IT IS HEREBY ORDERED, without prejudice, that, pending trial in this matter or a subsequent successful application to this Court by Defendants to stay this preliminary injunction:

1. Defendants, AH Wines, Inc., Vaz Brothers, Inc., TM Wines LLC, Riondo USA LLC, Bevcon Group Incorporated and Wine Source Selections LLC, their agents, officers, directors, employees, distributors and others affiliated with them, including Grape Solutions Inc., a company doing business as Riondo USA, which acted in conjunction with Defendant, Riondo USA LLC, in the sale of the HOMAGE A TROIS wine, shall immediately cease producing, distributing, offering for sale, selling, advertising or promoting any wine bearing the name or mark HOMAGE A TROIS, or any name, mark or logo confusingly similar to Plaintiff's MENAGE A TROIS mark.

2. Defendants, AH Wines, Inc., Vaz Brothers, Inc., TM Wines LLC, Riondo USA LLC Bevcon Group Incorporated and Wine Source Selections LLC, as well as Grape Solutions Inc., shall provide Plaintiff within three (3) days of this order with a complete list of all parties to

whom Defendants have sold or shipped the HOMAGE A TROIS wine and Defendants shall within three (3) days of this order provide all such parties to whom Defendants have sold or shipped the HOMAGE A TROIS wine, who are not already named defendants in this action, with a written notice in the form shown in Exhibit 1 attached hereto with copies to Plaintiff's counsel, requesting such parties to cease use of the HOMAGE A TROIS mark and to return all HOMAGE A TROIS wine in their possession for a full refund. Defendants shall also request any distributors to whom they have sold the HOMAGE A TROIS wine to send the letter shown in Exhibit 1 to the retail customers to whom those distributors sold the HOMAGE A TROIS wine requesting that any of the HOMAGE A TROIS wine remaining in the retailers' inventory also be returned for a full refund. Within fifteen (15) days of entry of this Order Defendants shall also notify the Plaintiff of all responses it receives to the letter requesting the return of the remaining HOMAGE A TROIS wine to Defendants for a full refund.

3. Plaintiff has deposited $5,000 with the Court pending trial in this matter to compensate Defendants for their potential costs related to the entry of the preliminary injunction should Defendants ultimately prevail at trial.

STIPULATED BY:

Dated: 2/28/12

DICKENSON, PEATMAN & FOGARTY

By _____
J. Scott Gerien

809 Coombs Street
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
Sutter Home Winery, Inc.

Dated: 2-28-2012

LAW OFFICES OF HINTZ & WELCH

By /s/ Joseph A. Welch
Joseph A. Welch

1006 4th Street
Sacramento, California 95814
Telephone: 916-444-5203
Facsimile: 916-444-8702

Attorneys for Defendants,
AH Wines, Inc. and Vaz Brothers, Inc.

Dated: 2-28-2012

TM WINES LLC

By /s/
Name: THOMAS MCKENNA
Its: PRESIDENT

Dated: 2-28-2012

RIONDO USA LLC

By /s/
Name: CHARLES MASSIE
Its: CEO

Dated: 2-28-2012

BEVCON GROUP INCORPORATED

By /s/
Name: HARI Ganne
Its: PRESIDENT

STIPULATED [PROPOSED] ORDER FOR
PRELIMINARY INJUNCTION

4

Case No. C12-00763 EMC

Dated: 2-28-2012

WINE SOURCE SELECTIONS LLC

By _____

Name: THOMAS McKenna

Its: PRESIDENT

IT IS SO ORDERED

Dated: 2/28/12.

IT IS SO ORDERED

By: _____
Judge Edward M. Chen
District Court Judge

STIPULATED [PROPOSED] ORDER FOR
PRELIMINARY INJUNCTION

5

Case No. C12-00763 EMC

# EXHIBIT 1

## CONTENT OF LETTER

Name of Distributor/Retailer

Address

Re: Infringement of Sutter Home's MENAGE A TROIS Trademark

Dear [Name of Company]:

This letter is to inform you that on February 23, 2012, a temporary restraining order was entered against our company in the case of Sutter Home Winery, Inc. v. AH Wines, et al., Case No. C 12-00763 EMC (N.D. Cal. 2012). The temporary restraining order held that there is a likelihood that the trademark HOMAGE A TROIS for wine infringes Sutter Home Winery, Inc.'s rights in the trademark MENAGE A TROIS, also for wine. We have stipulated to the entry of this order as a preliminary injunction.

Pursuant to the Preliminary Injunction Order we have been ordered by the Court to immediately cease producing, distributing, offering for sale, selling, advertising or promoting the wine bearing the mark HOMAGE A TROIS and have been ordered by the Court to request that you do the same and return to us for a full refund all HOMAGE A TROIS wine in your possession. Please contact us within ten (10) days to make arrangements for return of any of the HOMAGE A TROIS wine in your possession. Should you not comply with this request there is the possibility that Sutter Home may pursue a trademark infringement claim against your company.

Name of Defendant

By:_____
       Name

cc: J. Scott Gerien, Dickenson, Peatman & Fogarty
(counsel for Sutter Home Winery, Inc.)

## PROOF OF SERVICE

I declare that I am over the age of 18 years, employed in the County of Napa, and not a party to the within action; my business address is 809 Coombs Street, Napa, California 94559.

On May 28, 2008, I placed a copy of the following document(s):

- **STIPULATED [PROPOSED] ORDER FOR PRELIMINARY INJUNCTION**

in a sealed envelope addressed as shown below and placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

The persons served are as follows:

AH Wines, Inc.
9 West Locust Street
Lodi, CA 95240

Vaz Brothers, Inc.
960 S. Guild Avenue
Lodi, CA 95240

TM Wines LLC
c/o Justin H. Scheier
The Scheier Law Firm, LLC
560 Sylvan Avenue
Englewood Cliffs, NJ 07632

Riondo USA LLC
200 Franklin Turnpike
Allendale, NJ 07401

Bevcon Group Incorporated
11 Perrine Road, Number 12
Monmouth Junction, NJ 08852

Wine Source Selections LLC
17 Canterbury Lane
New Milford, NJ 07646-3258

Joseph A. Welch
Law Offices of Hintz & Welch
1006 4th Street, Ste. 220
Sacramento, CA 95814

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed February 28, 2012, at Napa, California.

Jaymie Kilgore, Legal Secretary